IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SERGE SULEIMANI,<br><br>                  Plaintiff,<br><br>      v.<br><br>WELLS FARGO CLEARING SERVICES LLC,<br><br>                  Defendant. | Case No. 4:25-cv-00019-SLG |

## ORDER OF DISMISSAL

On May 9, 2025, Plaintiff filed a Complaint against Wells Fargo Clearing Services LLC ("Wells Fargo") and paid the filing fee.[1] On June 20, 2025, Plaintiff filed a Petition to Vacate Arbitration Award.[2] Wells Fargo filed a Motion to Dismiss Plaintiff's Complaint on August 18, 2025.[3] On September 9, 2025, Wells Fargo filed a response in opposition to Plaintiff's petition to vacate.[4] To date, Plaintiff has not responded to Defendant's motion to dismiss; nor did he file a reply to Wells Fargo's opposition. For the reasons set forth below, Wells Fargo's 12(b)(6) Motion to Dismiss is GRANTED and Plaintiff's Petition to Vacate Arbitration Award is

---

[1] Docket 1.

[2] Docket 4.

[3] Docket 9.

[4] Docket 11.

DENIED.

## BACKGROUND

The facts, as alleged in Plaintiff's Complaint, Petition to Vacate Arbitration Award, and the attachment filed to the petition to vacate, are as follows: On or about February 2012, Plaintiff executed a promissory note with Wells Fargo.[5] Plaintiff started working at Wells Fargo in 2012 and separated from employment in September 2022.[6] Upon separation of employment, Wells Fargo asserted that the remainder of the note became due—the sum of $151,646.77.[7] On December 20, 2024, Wells Fargo filed a Statement of Claim through the arbitration forum offered by the Financial Industry Regulatory Authority, Inc. ("FINRA") against Plaintiff seeking to recover the outstanding amount owed on the promissory note.[8] On February 11, 2025, Plaintiff was served with an "Overdue Notice (including the Statement of Claim)."[9] The notices provided Plaintiff with information on how to participate in the arbitration process.[10] FINRA also sent Plaintiff an Arbitrator Disclosure Report.[11] Plaintiff failed to register with the FINRA and did not file a

---

[5] Docket 4-1 at 7.

[6] Docket 1 at 4, Docket 4-1 at 8.

[7] Docket 4-1 at 8.

[8] Docket 4 at 1–2, Docket 4-1 at 8.

[9] Docket 4-1 at 8.

[10] Docket 4-1 at 8.

[11] Docket 4-1 at 1–6.

Case No. 4:25-cv-00019-SLG, *Suleimani v. Wells Fargo Clearing Services*
Order of Dismissal
Page 2 of 8
Case 4:25-cv-00019-SLG   Document 13   Filed 11/14/25   Page 2 of 8

Statement of Answer or otherwise participate in the arbitration.[12] On March 21, 2025, the FINRA Arbitrator served the parties with the Arbitration Award, which awarded Wells Fargo the sum of $151,646.77 on the note, along with $22,000 in attorney's fees and costs and interest.[13]

According to Wells Fargo's motion to dismiss and its response to Plaintiff's petition to vacate, Wells Fargo then filed a Petition to Confirm the Arbitration Award in the California state court.[14] Instead of responding in the California state court, Plaintiff filed the Complaint and the subsequent Petition to Vacate Arbitration Award in this Court.[15] On August 22, 2025, the Los Angeles Superior Court entered a judgment confirming the arbitration award in favor of Wells Fargo.[16]

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss a case for "failure to state a claim upon which relief can be granted." A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories."[17] A federal court

---

[12] Docket 4-1 at 7–8.

[13] Docket 4-1 at 7–10.

[14] Docket 9-2 at 5, 130–33.

[15] Docket 1, 4.

[16] Docket 11-2 at 170–72.

[17] *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

Case No. 4:25-cv-00019-SLG, *Suleimani v. Wells Fargo Clearing Services*
Order of Dismissal
Page 3 of 8
Case 4:25-cv-00019-SLG    Document 13    Filed 11/14/25    Page 3 of 8

generally "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."[18] However, a court may consider documents appended to a complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice when deciding a Rule 12(b)(6) motion.[19]

When a court dismisses a complaint for failure to state a claim, a court must then decide whether to grant the plaintiff leave to file an amended complaint. "The standard for granting leave to amend is generous."[20] In weighing whether to allow for the amendment of a complaint, a court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff previously amended the complaint.[21] Leave to amend is futile if the deficiencies in the complaint cannot be "cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint."[22]

## DISCUSSION

Plaintiff's Complaint asserts that he was involved in an arbitration case with Wells Fargo at FINRA; that the events giving rise to his claim occurred on March

---

[18] *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (internal citation and quotation omitted).

[19] *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018).

[20] *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 701 (9th Cir. 1990).

[21] *Corinthian Colls.,* 655 F.3d at 995.

[22] *Id.* (internal citation omitted).

Case No. 4:25-cv-00019-SLG, *Suleimani v. Wells Fargo Clearing Services*
Order of Dismissal
Page 4 of 8
Case 4:25-cv-00019-SLG    Document 13    Filed 11/14/25    Page 4 of 8

12, 2025; that he started working for Wells Fargo in 2012 and was paid "a lump sum for going to work for them;" and that after 10 years of working, Wells Fargo claims that the "note was still not paid off in the sum of over $150k."[23] Plaintiff's Petition to Vacate Arbitration Award involves the same promissory note, arbitration proceedings, and arbitration award as his complaint.[24] In the petition, Plaintiff does not allege that he was denied notice and the opportunity to participate in the arbitration proceedings; rather, he asserts that the Court should vacate the arbitration award "pursuant to Rhode Island Law and FINRA Rules because the arbitrator failed to fully disclose material aspects of his background and therefore his failures to disclose have prejudiced me in his decision making process."[25]

**1. Dismissal of this Action for Failure to State a Claim is Warranted.**

Wells Fargo has demonstrated in its motion to dismiss and its response to Plaintiff's petition to vacate that Plaintiff's Complaint, in combination with Plaintiff's subsequent petition to vacate, fail to state a viable claim for relief that can be granted by this Court.

The Full Faith and Credit Act of 28 U.S.C. § 1738 requires that the judicial proceedings of any State "shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State

---

[23] Docket 1 at 4.

[24] Docket 4.

[25] Docket 4 at 2.

Case No. 4:25-cv-00019-SLG, *Suleimani v. Wells Fargo Clearing Services*
Order of Dismissal
Page 5 of 8
Case 4:25-cv-00019-SLG    Document 13    Filed 11/14/25    Page 5 of 8

… from which they are taken."[26] Specifically, a "state court's confirmation of the arbitration award constitutes a judicial proceeding for purposes of section 1738, and thus must be given the full faith and credit it would receive under state law."[27] Moreover, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."[28]

In this case, a California state court has confirmed the arbitration award and entered a judgment for Wells Fargo. Under California law, "[a] valid judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action."[29] However, "[b]efore a person can be denied access to federal courts through the preclusive effect of a state court proceeding, it must be established that he received a 'full and fair opportunity' to litigate his claim in the state proceedings."[30] A state court proceeding "need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal

---

[26] 28 U.S.C. § 1738.

[27] *Caldeira v. County of Kauai,* 866 F.2d 1175, 1178 (9th Cir. 1989).

[28] *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81 (9th Cir. 1984).

[29] *Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.,* 783 F.2d 848, 851 (9th Cir. 1986) (internal quotation marks and citations omitted).

[30] *Caldeira,* 866 F.2d at 1180.

Case No. 4:25-cv-00019-SLG, *Suleimani v. Wells Fargo Clearing Services*
Order of Dismissal
Page 6 of 8
Case 4:25-cv-00019-SLG    Document 13    Filed 11/14/25    Page 6 of 8

law."[31]

Here, the uncontroverted record demonstrates that Plaintiff had a full and fair opportunity to litigate his claim both in the arbitration proceeding and in the California state court proceeding. As detailed above, Plaintiff was served with Wells Fargo's Statement of Claim and associated arbitration documents. Wells Fargo has also filed proof of service on Plaintiff of its California state court petition to confirm the award.[32] Moreover, Plaintiff does not deny that he was provided notice and opportunity to respond during the arbitration process.[33] A failure to avail oneself of the "full procedures provided by state law does not constitute a sign of their inadequacy."[34] Consequently, the California state court judgment confirming the arbitration award precludes Plaintiff from proceeding in the District of Alaska on this action.

## 2. Granting Leave to Amend Would Be Futile.

Given the entry of judgment by the California state court, the deficiencies in Plaintiff's complaint cannot be cured with any additional allegations that are consistent with the challenged pleading. Therefore, this action must be dismissed.

---

[31] *Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 481 (1982).

[32] Docket 11-2 at 135.

[33] *See* Docket 4 at 1–2.

[34] *Kremer,* 456 U.S. at 485.

Case No. 4:25-cv-00019-SLG, *Suleimani v. Wells Fargo Clearing Services*
Order of Dismissal
Page 7 of 8
Case 4:25-cv-00019-SLG   Document 13   Filed 11/14/25   Page 7 of 8

### 3. **Plaintiff's Petition to Vacate Cannot Proceed in this Court.**

The proper forum for Plaintiff to have raised his concern about the Arbitrator's disclosure notice was in the California state court. But even if Plaintiff's action here in Alaska was not precluded by the Full Faith and Credit Act, Plaintiff's petition does not set forth grounds to vacate the arbitrator's award. Vacatur is not required "simply because an arbitrator failed to disclose a matter of some interest to a party."[35]

**IT IS THEREFORE ORDERED:**

1. Wells Fargo's motion to dismiss at Docket 9 is GRANTED. This action is **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted and futility of amendment.

2. Plaintiff's Petition to Vacate Arbitration Award at Docket 4 is DENIED.

3. The Clerk of Court shall issue a final judgment and terminate this action.

DATED this 14th day of November 2025, at Anchorage, Alaska.

> /s/ Sharon L. Gleason
> SHARON L. GLEASON
> UNITED STATES DISTRICT JUDGE

---

[35] *Lagstein v. Certain Underwriters at Lloyd's, London,* 607 F.3d 634, 646 (9th Cir. 2010).

Case No. 4:25-cv-00019-SLG, *Suleimani v. Wells Fargo Clearing Services*
Order of Dismissal
Page 8 of 8
Case 4:25-cv-00019-SLG   Document 13   Filed 11/14/25   Page 8 of 8